**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **S.R. a minor child by and though his guardian** | ) | |
| **KELLEY MUSGROVE and as** | ) | |
| **as Wrongful Death** | ) | |
| **Beneficiaries and as survivors of** | ) | **3:19-cv-737-CWR-FKB** |
| **MIRANDA MUSGROVE and** | ) | |
| **A.A. a minor child by and though her guardian** | ) | |
| **JUDY EVANS and as** | ) | |
| **as Wrongful Death** | ) | |
| **Beneficiaries and as survivors of** | ) | |
| **MIRANDA MUSGROVE** | ) | |
| | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SCOTT COUNTY MISSISSIPPI;** | ) | |
| **ZAC HOLLAND;** | ) | |
| **CODY MAY;** | ) | |
| **PATIENTCARE LOGISTICS SOLUTIONS** | ) | |
| **MISSISSIPPI, LLC DBA LIFE CARE EMS and** | ) | |
| **JOHN DOES 1-5.** | ) | |
| **Defendants**. | ) | **JURY TRIAL DEMANDED** |

**SECOND AMENDED COMPLAINT**

Plaintiffs, by and through their attorney, for their Complaint allege, upon knowledge as to themselves and otherwise upon information and belief, as follows:

## I.   PRELIMINARY STATEMENT

1.      This is a civil action brought pursuant to 42 U.S.C § 1983 and state law that seeks to remedy the unconstitutional deprivation of Plaintiff's statutory and constitutional rights. The conduct by Defendants, acting in concert with their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation, violates Plaintiff's rights,

privileges, and immunities under the United States Constitution, as amended, specifically numerous violations of the Fourth Amendment, Eighth Amendment and Fourteenth Amendment.

2.      In short, the facts underlying this action represent a textbook case of municipal ignorance and indifference to a helpless individual that Scott County was charged to safeguard and protect. Justice requires not only the imposition of monetary and punitive damages payable to Plaintiff, but a declaration that the Scott County Sheriff's Department and the County of Scott are responsible for what happened to Ms. Musgrove.

3.      The relief Plaintiffs seek is supported by satisfactory proofs, including the public records, facts and other documentation referenced throughout the Complaint.

4.      Plaintiffs seeks nominal, actual, compensatory and punitive damages against all Defendants for the flagrant, willful, knowing, violation of Plaintiff's constitutionally protected rights and violations of federal statutes, as well as the costs of litigation, including reasonable attorney's fees.

5.      With this as a background, Plaintiffs, through counsel, does hereby complain and allege as follows:

## II.    JURISDICTION

6.      This Court has concurrent jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3)(4), which confers jurisdiction to redress the deprivation of rights, privileges and immunities as stated herein.

7.      This Court has jurisdiction over Plaintiff's state law claims because the acts and omissions of the Defendants, as complained of herein, occurred in Scott, County Mississippi

### III.   VENUE

8.      Venue is proper in this Court because a majority of the claims arise in Scott County, Mississippi. Plaintiff's notice, pursuant to the Mississippi Tort Claims Act, is attached hereto as **Exhibit A**. More than 90 days have passed since the notice's service on the Defendants.

### IV.   IDENTIFICATION OF PARTIES

9.      Plaintiffs, S.R. and A.A. (Heirs) by and though their guardians and next friends Kelley Musgrove and Judy Evans respectively, as Wrongful Death Beneficiaries of Miranda Musgrove, are resident citizens of Lauderdale and Rankin Counties, Mississippi. This suit is brought by Kelley Musgrove and Judy Evans as guardians of the minor children respectively.

10.     Defendant, SCOTT COUNTY, MISSISSIPPI, hereinafter "County," is a political subdivision of the State of Mississippi, organized and existing pursuant to the laws of the State of Mississippi, and charged with the oversight and the supervision of the Scott County Sheriff's Department and jail. County may be served with process, pursuant to Mississippi law, upon the Chancery Clerk at the Scott County Chancery Clerk Building, 101 East 1st Street, Forest, Mississippi 39074.

11.     Defendant ZAC HOLLAND is sued in his individual and official capacity as an employee of Scott County who upon belief may be served with process at 530 Airport Road, Forest, Mississippi 39074.

12.     Defendant CODY MAY is sued in his individual and official capacity as an employee of Scott County who upon belief may be served with process at 530 Airport Road, Forest, Mississippi 39074.

13.     Defendant PATIENTCARE LOGISTICS SOLUTIONS MISSISSIPPI, LLC DBA LIFE CARE EMS is a limited liability corporation incorporated under the laws of the State of

Mississippi who may be served with process upon its registered agent Corporation Service Company at 7716 Old Canton Road, Suite C, Madison Mississippi 39110.

14.     Defendants, designated as John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiff for the claims asserted herein. Plaintiff will amend her Complaint once the identities of the unknown Defendants are learned

## V.     FACTUAL ALLEGATIONS

15.     Plaintiff's claims stem from the arrest, constitutional deprivations, failure to provide medical care, and wrongful death caused by the Scott County Sheriff Department, Life Care EMS and the individually named Defendants.

16.     On July 10, 2018 at approximately 7:23 p.m. a neighbor called 911 to report a disturbance at a home in Scott County, Mississippi.

17.     Miranda Musgrove was at the neighbor's home asking for help.

18.     When Scott County deputies arrived on scene, deputies began to harass and question Ms. Musgrove and Shelia Matthews (occupant of the home where the disturbance was reported).

19.     Upon information and belief, the interrogation and questioning on scene lasted in excess of an hour, in addition to elapsed time before the officers' arrival. During this time, Ms. Musgrove was in the presence of Scott County deputies.

20.     Ms. Musgrove informed the deputies that she had been drugged against her will by persons "setting her up." The deputies harassed and yelled at Ms. Musgrove apparently believing that Ms. Musgrove had purposefully ingested narcotics.

21.     Upon arrival at the scene, deputies reported that Ms. Musgrove was foaming at the mouth and acting erratic and incoherent.

22.     According to videos of the incident, Ms. Musgrove repeatedly asked the officer not to let her die.

23.     Ms. Musgrove repeatedly asked the officers for help. An ambulance was called to the scene, but no action was taken to examine or check on Ms. Musgrove's medical condition. Medical personnel made no effort to assess Ms. Musgrove other than cursory questions.

24.     Ms. Musgrove informed EMS that she had been drugged against her will, and the EMS personnel disregarded Ms. Musgrove's statements. Ms. Musgrove's need for medical assistant were obvious.

25.     The officers continued to harass Ms. Musgrove, even threatening to taze Ms. Musgrove in her face during the interaction.

26.     Ms. Musgrove was eventually placed in a patrol car where the officers completely ignored Ms. Musgrove. The officers, despite knowing that Ms. Musgrove was in distress, did not check on Ms. Musgrove while she was in the patrol car.

27.     Despite the obvious needs for medical attention, the paramedics made no suggestion to law enforcement that Ms. Musgrove should go directly to the hospital.

28.     After leaving the scene, the officers took over an hour to get Ms. Musgrove to the jail. Upon arrival, Ms. Musgrove was non-responsive.

29.     Instead of immediately taking Ms. Musgrove to the hospital, jail personnel slowly and with no sense of urgency, placed Ms. Musgrove into a chair and called an ambulance. Ms. Musgrove was later pronounced dead from an apparent drug overdose.

30.     Defendants and their employees, recklessly and with a conscious disregard for the rights and safety of Ms. Musgrove, failed to provide medical care for Ms. Musgrove while she was detained and unable to leave the custody of the Defendants.

31.     Defendants had an affirmative duty to provide necessary medical care to Ms. Musgrove which would have prevented Ms. Musgrove's untimely and wrongful death.

32.     Mike Lee is the sheriff of Scott County, Mississippi.

33.     As Sheriff, Mike Lee is a final policy maker for Scott County with respect to law enforcement decisions and the administration of the department.

34.     Lee failed to ensure that deputies within his department were properly trained in assessing in handling situations where a person such as Musgrove complained about being drugged by another individual.

35.     Scot County is ultimately liable for violating Ms. Musgrove's rights to receive medical care and by failing to properly train staff regarding the arrest, detention, and care for persons in need of medical care.

**Individual Defendants**

36.     Based upon the facts known to Ms. Musgrove's beneficiaries at this time, Ms. Musgrove died from an apparent drug overdose while in the custody and care of the Scott County sheriff's department, and more particularly, the custody and care of Cody May and Zac Holland.

37.     Cody May and Zac Holland responded to the call for service involving Ms. Musgrove.

38.     Both officers questioned and harassed Ms. Musgrove for over an hour, even after Ms. Musgrove complained about being drugged and after the officers both saw signs of a potential overdose.

39.     Defendant May was the arresting officer who handcuffed Ms. Musgrove and placed her in the back of his patrol car. At this time Ms. Musgrove looked at May and asked him not to let her die.

40.     Defendant May became aware, prior to placing Ms. Musgrove in the back of the car in handcuffs, that Ms. Musgrove had complained about being drugged and that Ms. Musgrove was in dire need of medical treatment.

41.     Not only had Defendant May been told about the ingestion of narcotics, but Ms. Musgrove's physical appearance was evident of her need for medical care.

42.     Instead of providing Ms. Musgrove with medical treatment, Defendant May simply took Ms. Musgrove to the jail, where Ms. Musgrove was dead upon arrival. As a direct and proximate result of Defendant May's conscious and reckless disregard for the rights and medical needs of Ms. Musgrove, Ms. Musgrove is now dead.

43.     Defendants Lee and Holland (Hereinafter "Officer Defendants") are upon information and belief sheriff deputies charged with the custody and care of Ms. Musgrove once Ms. Musgrove was taken into their custody and not allowed to leave.

44.     The Officer Defendants were aware of the medical needs of Ms. Musgrove once she was in custody, yet the Officer Defendants placed Ms. Musgrove into handcuffs and took no action to provide her with medical care.

45.     Despite pleas for help from Ms. Musgrove, the Officer Defendants ignored and recklessly disregarded these pleas for help. Instead of answering the pleas for help made on behalf of Ms. Musgrove the Office Defendants threatened to taze Ms. Musgrove in her face.

46.     The actions and omissions of the Officer Defendants evidenced a conscious and reckless disregard for the rights and medical needs of Ms. Musgrove, which ultimately cased Ms. Musgrove's untimely death.

## ALLEGATIONS OF LAW

47.     The Plaintiff is a wrongful death beneficiary of Musgrove, being her child at the time of her death. Plaintiff is entitled to bring this action pursuant to Miss. Code Ann. § 11-7-13.

48.     In addition to all claims made pursuant to Miss. Code Ann. § 11-7-13, Plaintiffs do hereby assert claims against the Defendants for negligence, gross negligence, infliction of emotional distress, negligence *per se*, loss of society and companionship of Plaintiff's mother and punitive damages.

49.     All acts of County were conducted under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi, and the County of Scott.

50.     Sheriff Mike Lee was a final policy maker, capable of ratification for County.

51.     It is the policy, practice or custom of the County to violate the procedural and substantive due process rights of those citizens under their jurisdiction.

52.     It is the policy, practice or custom of all Defendants to conspire to interfere with the civil rights of its citizens.

53.     It is the policy, practice or custom of the County to engage in actions that are fundamentally unfair to its citizens.

8

54.     It is the policy, practice or custom of the county to deprive individuals of medical treatment while in custody.

55.     Defendants failed to train and/or supervise their subordinates to prevent the actions described herein.

56.     When Musgrove was seized by the County, she did not have the freedom to leave.

57.     Defendants' actions as alleged herein, were made in bad faith.

58.     Defendants, by and through their actions and under the color of law, violated Plaintiff's constitutionally protected rights.

59.     Defendants' actions, as alleged herein, were made with actual malice and/or constituted willful misconduct.

60.     At all times, the decedent's constitutional rights, as alleged herein, were violated.

61.     At all times relevant, the Plaintiff's constitutional rights, as alleged herein, were clearly established.

62.     The customs, policies, and/or actual practices that allowed the unconstitutional incarceration and wrongful death of Ms. Musgrove, described herein, were necessarily consciously approved by Defendants.

63.     It was the custom, practice and policy of the Defendants and its officers, to engage in the misconduct described herein.

64.     Plaintiffs have suffered injury to their constitutional and statutory rights.

**FIRST CAUSE OF ACTION – 42 U.S.C. § 1983**
**Violation of Constitutional Rights Under Color of State Law**
**-- Infliction of Cruel and Unusual Punishment/Deliberate Indifference to Serious Medical Needs --**

65.     All prior paragraphs of the Complaint are incorporated herein by reference, the same as though pleaded in full.

66.     The Eighth Amendment to the United States Constitution precludes prison officials from willfully denying medical treatment to a detainee with serious medical needs, as such conduct would constitute cruel and unusual punishment and/or a violation of the right to due process of law.

67.     The actions of the County detailed above violated Ms. Musgrove's rights under the United States Constitution pursuant to the 4th, 8th, and 14th Amendments.

68.     In short, it was not objectively reasonable for the County or the individually named Defendants to ignore Ms. Musgrove's serious medical problems and refuse to provide Ms. Musgrove with appropriate, necessary medical treatment.

69.     In fact, the Individual Defendants and the County's actions demonstrated a deliberate indifference to Ms. Musgrove's serious medical needs. The Defendants threatened the use of unnecessary and excessive force because of Musgrove's apparent need for medical attention.

70.     The actions of the Defendants are motivated by malice and/or are grossly negligent.

71.     This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

72.     Defendant Scott County is, and its senior policy makers at the Scott County Sheriff's Department are, directly responsible for this constitutional violation. Upon information and belief, Scott County, through either express policy or the inactions of its policy makers, had a policy and/or practice of not providing adequate medical care to people in custody.

73.     The Plaintiff also claims that Defendants are responsible for Ms. Musgrove's death by virtue of their failure to train and supervise their subordinates. Here, there is no dispute

that the officers would come into contact with people suffering from an overdose. Despite this knowledge, the County has apparently failed to train its officers on how to assess and evaluate persons in need of medical care from a drug related issue. These failures regarding a known risk evidence a willful disregard for the rights and safety of people in Scott County.

74.     The Defendants knew or should have known that deputies and other law enforcement would come into contact with people unable to care for themselves because of drug use, whether intentionally ingested or not. The County wholly failed to supervise and train employees and officers conducting stops and detention of persons in need of medical attention as complained of by Musgrove.

75.     The need for training of officers to recognize and assess persons in distress, such as Musgrove, is so obvious and apparent. The failure to train amounts to a policy of deliberate indifference to an obvious need for training because citizens such as Musgrove are likely to lose their constitutional rights on account of the novices in law enforcement.

76.     The death of Musgrove was unfortunately a highly predictable consequence of the County's not training its officers as complained of herein.

77.     In addition to damages to be paid under Mississippi law, Plaintiff requests the imposition of damages under federal law for her loss of life.

78.     The actions of the individual Defendants constitute a conscious and reckless disregard for the rights and safety of Ms. Musgrove, as delineated herein.

79.     As a direct and proximate result of the unconstitutional acts described above, the decedent has been irreparably injured, in that she is dead because of the Defendants' actions.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

**SECOND CAUSE OF ACTION – 42 U.S.C. § 1983**
**Violation of Constitutional Rights Under Color of State Law**
**-- Violation of Right to Due Process of Law –**

80.     All prior paragraphs of the Complaint are incorporated herein by reference, the same as though pleaded in full.

81.     As a detainee, Musgrove was constitutionally entitled to prompt emergency medical care. Musgrove was not lucid and clearly complained to the individual Defendants and EMS that she had been drugged by a third party.

82.     The Due Process Clause of the U.S. Constitution guarantees that one's property and liberty cannot be taken away without due process of law. The Defendants, by killing Ms. Musgrove, deprived Ms. Musgrove of her rights, and consequently violated her due process rights.

83.     This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

84.     The actions of the Defendants are motivated by malice and/or are grossly negligent. Defendant Scott County is, and its senior policy makers at the Scott County Sheriff's Department, are directly responsible for this constitutional violation.

85.     The Defendants knew that Musgrove was in distress but mocked Musgrove instead of getting her the medical attention she so desperately needed. The individual Defendants acted with deliberate indifference to Musgrove's need for medical care.

86.     The individual Defendants refused to provide Musgrove the medical care and treatment that she needed and pled to receive. The individual Defendants knew or should have known that Musgrove was not able to properly care for herself in her medical state.

87.     Upon information and belief, Scott County, through either express policy or the inactions of its policy makers, had a policy and/or practice of not providing adequate medical care

to persons in custody nor did the County train officers regarding the custody and care of persons complaining of being drugged. As a direct and proximate result of the unconstitutional acts described above, Plaintiff Musgrove has been irreparably injured.

88.     The actions of the individual Defendants, as detailed in Paragraphs 34-43 constitute a conscious and reckless disregard for the rights and safety of Ms. Musgrove, as delineated herein.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.  '

**THIRD CAUSE OF ACTION – 42 U.S.C. § 1983**
**Violations of State Law**
**-- Wrongful Death/Other --**

89.     All prior paragraphs of the Complaint are incorporated herein by reference, the same as though pleaded in full.

90.     The negligent acts of all Defendants detailed above caused the wrongful death of Miranda Musgrove.

91.     As a direct and proximate result of the unlawful and unconstitutional acts described above, the decedent has been irreparably injured, in that she is dead because of the Defendants' actions.

92.     Plaintiff forwarded Defendants the attached Mississippi Tort Claim Notice, and more than 90 days have passed. **Exhibit A, MTCA Notice.** The contents of said notice are incorporated herein by reference.

93.     The actions of the individual Defendants, as detailed in Paragraphs 34-43 constitute a conscious and reckless disregard for the rights and safety of Ms. Musgrove, as delineated herein.

**FOURTH CAUSE OF ACTION**
**-Wrongful Death/Other –**
**PATIENT CARE LOGISTICS SOLUTIONS MISSISSIPPI, LLC DBA LIFE CARE EMS**

94.     All prior paragraphs of the Complaint are incorporated herein by reference, the same as though pleaded in full.

95.     Life Care EMS was called to the scene to assess and advise the County Defendants regarding Musgrove.

96.     Upon arrival the employees of Life Care EMS failed to properly assess and triage Musgrove.

97.     Musgrove informed Life Care EMS employees that she had been drugged against her will by other persons.

98.     Musgrove informed Life Care EMS that she had anxiety and had medication in her care to treat the anxiety. No person checked on or tried to retrieve her medication.

99.     Life Care EMS employees could see that Musgrove was visibly distressed and in need of medical attention.

100.    Life Care EMS employees knew that Musgrove had ingested some sort of substance whether intentional or not.

101.    Life Care EMS employees heard Musgrove ask for help.

102.    Life Care EMS employees disregarded Musgrove's pleas for help and obvious signs of distress.

103.    Life Care EMS employees disregarded the history they received from Musgrove which included her self-report that she had been drugged against her will.

104.    Without any evidence to the contrary, Life Care EMS employees accused Musgrove of lying and disregarded her pleas for help.

14

105.    Life Care EMS employees knew that Musgrove was incapable of helping herself and answering some of the questions they asked her.

106.    Life Care EMS employees had a duty and responsibility to provide aid and assistance to Musgrove as a person in obvious need of medical help.

107.    Life Care EMS employees were negligent in rendering medical care to Musgrove and advising County Defendants.

108.    Life Care EMS is negligent for failing to train and supervise its employees regarding rendering medical aid to persons who are obvious need of medical care and are unable to care for themselves.

109.    Life Care EMS is negligent for failing to train and supervise its employees regarding advising law enforcement and other first responders regarding the care of persons who are obvious need of medical care and are unable to care for themselves.

110.    Life Care EMS is negligent for failing to have in place triage and assessment policies/protocols for individuals in obvious signs of distress, such as Musgrove, who are unable to properly care for themselves.

111.    The negligence of Life Care EMS and its employees caused and/or contributed to the death of Musgrove.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below

## DEMAND FOR PUNITIVE DAMAGES

112.    All prior paragraphs of the Complaint are incorporated herein by reference, the same as though plead in full.

113.    The actions and inactions of the Defendants described above were extreme and outrageous (or grossly negligent) and shock the conscience of a reasonable person. Consequently, an award of punitive damages is appropriate to punish the Defendants.

114.    To the extent that punitive damages are available against Defendants under state law, the Plaintiff seeks such damages relative to the third cause of action for wrongful death.

WHEREFORE, Plaintiff prays for relief against all Defendants as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court:

a.    Assume jurisdiction over this action;

b.    Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the Fourth, Eighth and Fourteenth Amendment to the United States Constitution;

c.    Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

d.    Award Plaintiff nominal and actual damages for Defendants' violation of their constitutional and statutory rights;

e.    Award Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

f.    Punitive damages for all claims allowed by law in an amount to be determined at trial;

g.    Pre-judgment and post-judgment interest at the highest lawful rate;

h.    Award Plaintiff her costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988/1983 and/or 20 U.S.C. sec. 1400 et seq., and

i.      Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

Respectfully submitted, this the 15th day of June, 2020.

*/s/ Daniel M. Waide*
DANIEL M WAIDE

Daniel M Waide, MS Bar #103543
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net

## CERTIFICATE OF SERVICE

I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 15th day of June, 2020.

/s/ Daniel M. Waide
DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

17